## KRAMER v. BRANCH.
### No. 9498.

Court of Civil Appeals of Texas. Galveston.
Dec. 9, 1930.

Edward Risinger, of Rosenberg, and C. L. Dutton and F. M. O. Fenn, both of Richmond, for appellant.

Peareson & Peareson, of Richmond, for appellee.

GRAVES, J.

As determined by the court below without a jury, this cause, in the form of trespass to try title, involved only the location of the boundary line between the lands of the two opposing litigants, together with the consequent ownership of a small strip of ground along it; that sole issue was reduced to the one inquiry as to whether the existing fence between the tracts was on the line of a fence that had been built in 1911 by appellee, R. H. Branch, and E. B. Mills, predecessor in title of appellant, D. F. Kramer, by this written agreement filed by the parties on this trial:

"That the line between the respective properties of the plaintiff and defendant should be the line of fence which was constructed by R. H. Branch and E. B. Mills in the year 1911;

"That the court should appoint John Byers to ascertain and report to the court the location of said fence line, and that each party would release to the other all claims for damages claimed by each party in the pleadings herein;

"It is therefore, in accordance with the said agreement, ordered, adjudged and decreed that John Byers be, and he is hereby, appointed to ascertain and report to the court on or before the first day of the next term of this court the location on the ground of the said fence line constructed by R. H. Branch and E. B. Mills in 1911."

The learned trial judge heard the fully presented evidence from both sides on that question, in the absence of any report on it having been filed by the person so appointed and upon such independent evidence stated these findings:

"I find that the evidence overwhelmingly shows that the present fence between the said plaintiff and defendant is the identical location of the fence built by Mills and Branch in 1911, and that said fence line claimed by the plaintiff is the identical fence line so constructed by the said Mills and Branch, and that the following is a true and correct field notes and description of the said fence, to-wit: * * *

"In addition I find that the plaintiff (Branch) has acquired title to the land north of said fence by virtue of the statutes of limitation of ten years (Rev. St. 1925, art. 5510), and he and those whose title he has have had the said land under enclosure under a claim of right for more than ten years before the institution of this suit, during which time he and they used and enjoyed the said land adversely, continuously, and peaceably."

The evidence is amply sufficient to sustain both of these findings; indeed, there is no attack upon the latter as to a title to what was sued for having become vested in the appellee by limitation, but appellant contends the only issue, in virtue of the quoted agreement, was the location on the ground of the old Mills-Branch fence of 1911. Even so, the question of fact still was, Where was that fence located? not where it should have been put, nor where surveyor Rice ran his line; hence the finding on sufficient evidence that it was in the same position as the present fence separating the holdings of the litigants settles the controversy anyway. The argument that the fence now standing is not in the same place as the former one rests largely on the claim that it zigzags materially, while the old one ran along a straight line. This, too, completely falls with much positive testimony to the effect, not only that the existing fence actually is identical in location with the original one, but also that the latter itself was not straight when built.

Further discussion on the merits is deemed unnecessary, since this conclusion determines the only question presented adversely to appellant.

The separate motions of the appellee to dismiss the appeal and to strike out appellant's brief, both based upon the alleged failure of appellant to file an assignment of error, or a brief, as required by law, and which have been taken with the case, are overruled. While ordinarily a bill of exceptions may not take the place of an assignment of error, in this instance what is denominated "Bill of Exception No. 1" reflected that the appellant in open court excepted to the adverse judgment "because the court erred in entering said judgment because said judgment as entered was contrary to the evidence introduced in said cause and contrary to the agreement entered into between the plaintiff and defendant on April 18th, 1928." This exception was reduced to writing, submitted to and approved both by the court and opposing counsel, and regularly preserved and brought up here in the transcript as a part of the record. Its substance was also copied into appellant's brief, both in the form

of an assignment and a proposition. We think it entitled to consideration.

The alleged failure on appellant's part to sooner file his brief has in no way injured the appellee, and answering brief for him fully presented his side of the issues on the appeal having been filed August 16, 1930, and considered by this court in the determination thereof.

The judgment of the trial court has been affirmed.

Affirmed.